### In re McGANN CONSTRUCTION COMPANY, INC., and Otha W. McGann, Jr., Debtors.

**Bankruptcy Nos. B79–29R, B79–31R.**

United States Bankruptcy Court,
N. D. Georgia,
Rome Division.

March 24, 1981.

Richard W. Andrews, Kinney, Kemp, Pickell, Avrett & Sponcler, Dalton, Ga., for Henry L. Rogers.

Morton Levine, Levine, D'Alessio, Mullins & Stone, Atlanta, Ga., for debtors.

HUGH ROBINSON, Bankruptcy Judge.

### ORDER

This matter came before the Court on movant Henry L. Rogers' motion to dismiss the motion of McGann Construction Company, Inc. and Otha W. McGann, Jr. for modification of an order for substitution of collateral. Having considered the motions, the briefs and arguments of the parties and the pleadings on file the Court makes the following decision.

### FINDINGS OF FACT

McGann Construction Company, Inc., ("the Company") and Otha W. McGann, ("McGann") originally filed petitions under Chapter XI of the Bankruptcy Act. McGann is a stockholder of more than 25% of the issued and outstanding stock of the Company and is also an officer and director of that corporation.

The Company is indebted to the Hardwick Bank and Trust Company, ("Hardwick Bank"), on two promissory notes. These

notes are secured by various items of property including two parcels of real estate owned by McGann individually. One parcel is located in Hixson, Tennessee and shall be referred to as the Parkshore Circle property. The other parcel is located in Whitfield County, Georgia and shall be referred to as the Tunnel Hill property. The notes and collateral were transferred by Hardwick Bank to the Small Business Administration, ("S.B.A.").

In June, 1977 McGann signed a real estate sales contract for the purchase of a house and surrounding acreage in Dalton, Georgia from Henry L. Rogers, ("Rogers"). This property shall be referred to as the Cottonwood Mill property. McGann moved into the house in June, 1977, and since that date has made the mortgage payments for Rogers to Dalton Federal Savings & Loan Association and to Motor Contract Company. The sale of the real estate was never closed, and title to the property is still in the name of Rogers.

In September of 1978 SBA, Hardwick Bank and McGann agreed that Hardwick Bank and SBA would release the Parkshore Circle property and the Tunnel Hill property as collateral for the two loan obligations and would receive in substitution as collateral the Cottonwood Mill property. About the time this agreement for substitution of collateral was being negotiated McGann and the Company filed their Chapter XI petitions. The substitution and the closing of the sale of the Cottonwood Mill property has been held in abeyance since the filing of the petitions.

Through negotiations among Hardwick Bank, SBA, Rogers and McGann another agreement for the substitution of collateral was reached. Under this agreement the Tunnel Hill property and the Parkshore Circle property were to be released as collateral on the two notes. The Parkshore Circle property was to be transferred to McGann's former wife who had been awarded possession and ownership of this property in the McGann's divorce proceedings. McGann agreed to transfer the Tunnel Hill property to Rogers in exchange for the closing of the sale of the Cottonwood Mill property. Upon acquiring title to the Cottonwood Mill property, McGann was to pledge this real estate as collateral for the Company's loan debts owed to SBA and Hardwick Bank.

On November 14, 1979 the Company filed an "Application for Leave to Substitute Collateral" seeking approval of the agreement negotiated among McGann, Rogers, Hardwick Bank and SBA. Approval of the agreement was granted. In a rather detailed order entered March 27, 1980 the Court ordered the parties to follow the provisions of the agreement.

Certain liens and encumbrances of record in Whitfield County against the Company and McGann are held by Kinsey Enterprises, Inc.; Insulation Supply Company; Southeastern Municipal Supply Co., Inc.; the State of Georgia; E. Harold Mays, the United States and a county. Because of the existence of these liens and encumbrances Rogers refused to consummate the sale of the Cottonwood Mill property as required by the order of March 27, 1980. Rogers' refusal to comply with the order prompted McGann and the Company to file "An Application for Modification of Order for Substitution of Collateral". The applicants request the Court to modify the order of March 27, 1980 to provide that title to the Tunnel Hill property shall vest in Rogers free and clear of all liens and encumbrances and to provide that the judgment liens of record shall attach to the Cottonwood Mill property. All lienholders were served with a copy of the application.

On July 3, 1980 Rogers filed a "Motion to Dismiss Debtors' Application for Modification of Order for Substitution of Collateral". Rogers asserts several defenses to the enforceability of the sales contract and the agreement which will be addressed below. An amendment to this motion was filed on August 7, 1980 which alleges additional defenses. Rogers' motion was the subject of the duly scheduled hearing held before this Court on or about August 7, 1980 in Rome, Georgia.

## APPLICABLE LAW

Rogers has asserted various defenses to the enforceability of the sales contract entered into by McGann and Rogers. It is alleged that the contract does not satisfy the Statute of Frauds for the reason that the description of the real property contained in the contract is inadequate. Rogers contends that because more than a reasonable time for closing the transaction has passed, the contract lapsed and is unenforceable. The sales contract is also alleged to be unenforceable due to the fact that McGann has not been successful in his efforts to assume an outstanding loan debt due to Dalton Federal Savings and Loan Association. The sales contract was made contingent on the ability of McGann to obtain approval of the loan assumption. Finally, Rogers maintains that due to the failure of the trustee in bankruptcy to assume or reject the sales contract within the time permitted by law, the contract is deemed rejected under Rule 607 of the Bankruptcy Rules. It is Roger's position that the debtors' motion to modify the order of March 27, 1980 should be dismissed because of the alleged unenforceability of the sales contract.

■ It may be that Rogers has alleged meritorious defenses which in a different situation would entitle him to avoid the contract. However the factual circumstances of this case require that Rogers be estopped from attacking the contract at this time. At no time while the Company's application for substitution of collateral was pending before the Court did Rogers assert these challenges to the validity and enforceability of the sales contract. From the negotiations among SBA, Hardwick Bank, McGann and Rogers there emerged an agreement under which a substitution of collateral was to occur. In reliance on the apparent acquiescence of all of the parties in the terms of the agreement the Company presented the plan for substitution to the Court for approval. The agreement was approved, and the parties were ordered to comply with its provisions. Now that SBA, Hardwick Bank and McGann have changed their positions pursuant to the terms of the plan for substitution, Rogers desires to renege.

■ Estoppel arises when one has acted to mislead another and the one thus misled has relied upon the actions of the inducing party to his prejudice. *Lebold v. Inland Steel Company*, 125 F.2d 369 (7th Cir. 1941). It is clear that SBA, Hardwick Bank and McGann have acted in reliance on Rogers' conduct which indicated a willingness to comply with the terms of the agreement. To allow Rogers to challenge the validity of the subject sales contract would jeopardize the plan for substitution of collateral and thus would prejudice the rights of the other parties to the agreement. Accordingly, the Court concludes that Rogers is estopped from attacking the validity and enforceability of the sales contract.

■ One further argument has been made concerning the enforceability of the sales contract which will be briefly addressed. It is alleged that by a letter dated April 25, 1980 Rogers offered to close the sale and exchange property in compliance with the order of March 27, 1980. A deadline for this transaction was stated in the letter. Because the sale was not consummated by this deadline, it is alleged that the contract was cancelled. This argument ignores the fact that Rogers and McGann were ordered by the Court to close the sale of the Cottonwood Mill property. Any deadlines for compliance with the order will be set by the Court, not the parties to the agreement. The deadline for compliance set by Rogers was of no legal force or effect, therefore the contract was not cancelled.

Rogers next challenges the validity of the agreement for the substitution of collateral. During the time the application for approval of the agreement was pending before the Court, the Company and McGann were both adjudicated and a trustee was appointed. It is argued that upon his appointment the trustee was vested with title to the debtors' property, therefore the debtors had no right, title or interest in the sales contract or the property in dispute. Rogers con-

tends that because title to the debtors' property was in the trustee, the debtors could not enter into a valid agreement for the substitution of collateral.

 Rogers is correct in his assertion that the trustee, on his appointment, was vested by operation of law with title of the debtors. Section 70 of the Bankruptcy Act, 11 U.S.C. § 110. At the time the order of March 27, 1980 was entered title to the property of McGann and the Company was vested in the trustee. However when the agreement was negotiated title to the debtors' property had not passed to the trustee. The trustee's appointment did not automatically nullify the agreement for steps taken in the administration of a Chapter XI estate retain their validity in the subsequent bankruptcy administration of the case. 9 *Collier on Bankruptcy* (14th Edition) ¶ 10.10, pp. 540–541. Once appointed, it was incumbent on the trustee to seek the denial or the dismissal of the application if he objected thereto. No such efforts being made, the trustee became bound by the order of March 27, 1980. In accordance with the foregoing the Court concludes that the agreement entered into by SBA, Hardwick, McGann and Rogers is valid.

It has been argued that neither the Company nor McGann have standing to seek the modification of the order allowing substitution of collateral. First it is contended that the application is an effort to specifically enforce the sales contract. This remedy allegedly is unavailable to the Company for the reason that it was not a party to the sales contract. Rogers also maintains that McGann is in no better position to require specific performance because he allegedly is not the owner of the property to be transferred to Rogers.

These assertions constitute yet another challenge to the enforceability of the subject sales contract. Once again the Court rules that the doctrine of estoppel bars Rogers from denying the validity and enforceability of the sales contract.

 Rogers' second argument concerning the standing issue is that McGann and the Company are not the proper parties to bring the application for modification in these bankruptcy proceedings. The Court is inclined to agree with this contention. At the present time the Tunnel Hill property, the contract rights of McGann under the sales contract for the Cottonwood Mill property, and the contract rights of McGann and the Company under the agreement for substitution of collateral are property of the respective bankrupt estates of McGann and the Company. Title to this property is presently held by the trustee. The modification requested by McGann and the Company will affect the Tunnel Hill property for it provides that the Tunnel Hill property will be transferred free and clear of liens. Also affected are the contract rights of McGann under the sales contract for the Cottonwood Mill property for the modification provides that the judgment liens held by the creditors of the debtors shall attach to this property. Because the Tunnel Hill property, the sales contract and the contract for substitution of collateral are property of these bankrupt estates only the representative of the estates, i. e. the trustee, has standing to petition the Court for the modifications sought by McGann and the Company. In accordance with the foregoing the Court concludes that Rogers' motion to dismiss the application for modification filed by McGann and the Company should be granted.

### CONCLUSIONS OF LAW

1. Rogers is estopped to deny the validity and enforceability of the sales contract for the Cottonwood Mill property.

2. The agreement for substitution of collateral entered into by SBA, Hardwick Bank, McGann and Rogers is valid.

3. McGann and the Company are not the proper parties to petition the Court for modification of the order of March 27, 1980. It is therefore

ORDERED that Rogers' motion to dismiss the application of McGann and the Company for modification of the order allowing substitution of collateral shall be and same is hereby granted, and it is further

ORDERED that said dismissal shall be without prejudice to the filing of another application for modification by the proper party.